**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RODGER THEODORE ATWOOD, II, a/k/a
Roger Theodore Atwood,
　　　　　*Defendant-Appellant.*

No. 00-4354

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Lacy H. Thornburg, District Judge.
(CR-99-44)

Submitted: February 6, 2001

Decided: February 20, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

John McLeod Tutterow, THE LAW OFFICE OF JOHN MCLEOD TUTTEROW, Asheville, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rodger Theodore Atwood II appeals his sentence for bank robbery, aiding and abetting, in violation of 18 U.S.C.A. § 2113(a) (West 2000) and 18 U.S.C. § 2 (1994). Atwood's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue, ineffective assistance of counsel, but stating that, in his view, there are no meritorious grounds for appeal. Atwood has filed a pro se supplemental brief augmenting his attorney's ineffective assistance claim and adding two additional issues, whether his appellate counsel provided ineffective assistance and whether his sentence was illegal. We have reviewed the entire record and affirm Atwood's conviction and sentence.

Atwood contends that he received ineffective assistance of trial and appellate counsel that resulted in an improper sentence. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners must ordinarily pursue such claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. Because our review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Atwood's ineffective assistance claims should be brought in a § 2255 proceeding.

Atwood also argues that the district court erred in ordering him to pay full restitution. Atwood did not object to the order of restitution, therefore we review for plain error. *See United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). Under the Mandatory Victims Restitution Act of 1996, the district court was required to order the full

amount of restitution owed without considering Atwood's economic circumstances. *See* 18 U.S.C.A. § 3664(f)(1)(A) (West 2000). We therefore find no plain error.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Atwood's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*